b

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**LEROY COMPTON JR,**
**Plaintiff**

**CIVIL DOCKET NO. 1:26-CV-01838**

**VERSUS**

**JUDGE DRELL**

**GWENDOLYN WOODS ET AL,**
**Defendants**

**MAGISTRATE JUDGE PEREZ-MONTES**

---

**REPORT AND RECOMMENDATION**

Before the Court are (1) a Complaint for Violation of Civil Rights (ECF No. 1), (2) a Supplemental Damages Allegation and Request for Relief Under the All Writs Act (ECF No. 9) (hereafter, "First Supplemental Damages Allegation"), (3) a Supplemental Damages Allegation, Petition for Investigation, and Emergency Motion for Relief Under the All Writs Act (ECF No. 14) (hereafter, "Second Supplemental Damages Allegation"), and (4) an Emergency Motion Petition for Divorce, Declaratory Relief, and Temporary Restraining/Injunctive Relief (ECF No. 15) (hereafter, "Emergency Motion Petition"), all filed by *pro se* Plaintiff Leroy Compton, Jr. ("Compton").

Because Compton fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 1), First and Second Supplemental Damages Allegations (ECF Nos. 9 & 14), and Emergency Motion Petition (ECF No. 15) be DENIED and DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Compton be given thirty days to file an Amended Complaint correcting the deficiencies outlined herein. Any Amended Complaint should clearly separate each claim for relief and indicate which facts are relevant for which claim.

## I. Background

On June 1, 2026, Compton filed a Complaint for Violation of Civil Rights against Gwendolyn Woods ("Woods") and Shantrice Jackson ("Jackson") in both their individual and official capacities. ECF No. 1. He asserts a 42 U.S.C. § 1983 claim based on an alleged "[v]iolation of due process, misuse of authority[,] fraud upon the court[,] and actions allegedly taken under color of law." *Id.* at 3. He seeks equitable and injunctive relief. *Id.* at 5.

On July 9, 2026, Compton filed his First Supplemental Damages Allegation. ECF No. 9. Compton alleges that "Defendants' actions caused deprivation of liberty, emotional distress, loss of constitutional rights, and the loss of [his] Class A Commercial Driver's License career." *Id.* He requests that the Court "exercise its authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue any writs necessary or appropriate in aid of its jurisdiction and to preserve [his] ability to obtain meaningful relief consistent with applicable law." *Id.* He seeks compensatory damages, economic damages, costs, attorney's fees, pre- and post-judgment interest, appropriate relief under the All Writs Act, and "such other relief as the Court deems just and proper." *Id.*

On August 31, 2026, Compton filed a Second Supplemental Damages Allegation. ECF No. 14. He "seeks immediate judicial intervention to address systemic procedural violations, bad faith actions by state actors, fraud upon the court, and severe economic and constitutional deprivations that threaten the integrity of these proceedings and [his] baseline human rights." *Id.* at 1. He continues to assert a violation of his Fourteenth Amendment rights. *Id.*

On October 7, 2026, Compton filed an Emergency Motion Petition. ECF No. 15. That "Petition" purports to additionally name Anita Faye Compton ("Anita") and Shakeitha L. Compton as Defendants. *Id.* at 1. He asks the Court to adjudicate the legal status of his marriage to Anita and to grant a divorce judgment if he "proves a statutory ground and satisfies requirements." *Id.* at 3. He further requests "appropriate temporary and preliminary injunctive relief to protect [his] rights." *Id.* He invokes the Court's federal jurisdiction based on "constitutional due process violations resulting from the underlying divorce actions and incidental support relief improperly entered in state administrative frameworks." *Id.* at 1.

## II. Law and Analysis

### a. Preliminary Screening

Compton has been granted leave to proceed *in forma pauperis* ("IFP"). ECF No. 4. When a plaintiff is proceeding IFP, a Court must dismiss the Complaint, or any portion thereof, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915e(2)(B). Section

1915(e)(2)(B) applies equally to prisoner and non-prisoner cases filed IFP. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal under § 1915(e)(2)(B) of non-prisoner claims for frivolousness and failure to state a claim).

As indicated above, Compton has filed several documents that appear to be separate complaints. While two of those pleadings were plainly labeled supplemental allegations, his Emergency Motion Petition does not indicate whether he intends that document to replace or supplement his previous petitions.[1]

Compton is a *pro se* plaintiff. "A document filed *pro se* is to be liberally construed . . . , and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Therefore, out of an abundance of caution, the Court will consider each of his filings together to determine whether he has stated a claim upon which relief can be granted.

In all, Compton appears to have asserted (1) 42 U.S.C. § 1983 claims based on an alleged violation of his Fourteenth Amendment rights, (2) claims for relief under the All Writs Act, (3) a request for divorce, and (4) temporary and injunctive relief. The Court addresses each in turn.

**b. <u>42 U.S.C. § 1983</u>**

[1] It is also not entirely clear whether Compton intended for this document to be construed as a Complaint. However, because he purports to name additional defendants, the Court construes this pleading as an Amended and/or Supplemental Complaint.

Title 42, United States Code, Section 1983 provides redress for conduct by any person who, under color of state law, deprives another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Therefore, for Compton to state a valid claim under 42 U.S.C. § 1983, Compton must name defendants who are state actors and must allege specifically how each of them violated his constitutional rights while acting under color of state law.

Compton fails to do so here. The only alleged state actors are Jackson and Woods. But Compton does not clearly explain how these Defendants violated his constitutional rights. Indeed, his allegations are notably bare of information about where and when these Defendants allegedly committed misconduct. At best, he obliquely refers to misrepresentations made in a state court proceeding, but he does not explain which of these Defendants made the purported misrepresentations. He also fails to allege any facts showing that Jackson and Woods were acting under color of state law when the alleged misrepresentation was made. His conclusory assertion that Jackson's and Woods's actions were "allegedly taken under color of law," ECF No. 1 at 3, is insufficient.

Accordingly, Compton has failed to state a claim under 42 U.S.C. § 1983, and these claims should be dismissed.

c. **All Writs Act**

Compton additionally invokes this Court's jurisdiction under the All Writs Act. However, "[t]he All Writs Act [] cannot serve as an independent basis of jurisdiction." *Gause v. United States Dep't of Def.*, 676 F. App'x 316, 317 (5th Cir. 2017). Because Compton "fails to state a claim under a statute granting independent jurisdictional authority, this court finds no remedial authority for subject matter jurisdiction under . . . 28 U.S.C. § 1651." *Hinojosa v. Cohan*, No. 23-CV-136, 2024 WL 3751275, at *6 (S.D. Tex. Aug. 9, 2024). Accordingly, the Court should dismiss any independent claim based on the All Writs Act.

**d. Request for Divorce**

Compton additionally requests that this Court determine his marital status with Anita and issue a divorce. This the Court cannot do.

"[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). *See also United States v. Windsor*, 570 U.S. 744, 767 (2013) ("[T]he federal courts, as a general rule, do not adjudicate issues of marital status even when there might otherwise be a basis for federal jurisdiction."); *Saloom v. Texas Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426 (5th Cir. 2014) (observing that the domestic relations exception "applies to prevent federal courts from issuing or modifying a divorce, alimony, or child custody decree") (internal quotations omitted). Indeed, "for over one hundred years, it has been recognized that the federal courts are an inappropriate forum for the negotiation and resolution of domestic disputes."

*Huggins v. Pierce*, No. 98-CA-798, 2000 WL 33348257, at *5 (W.D. Tex. June 21, 2000).

Accordingly, to the extent Compton asks this Court to adjudicate his marital status with Anita and grant a divorce, the Court should dismiss that claim.

**e. <u>Request for Preliminary and Injunctive Relief</u>**

Compton repeatedly seeks injunctive relief in his filings. However, "an injunction is a remedy that must be supported by an underlying cause of action." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015). As such, "the failure of [Compton's] constitutional and common law claims also warrants dismissal of" any claims for injunctive relief. *Id.*

## III. <u>Conclusion</u>

Because Compton fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 1), First and Second Supplemental Damages Allegations (ECF Nos. 9 & 14), and Emergency Motion Petition (ECF No. 15) be DENIED and DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Compton be given thirty days to file an Amended Complaint correcting the deficiencies outlined herein. Any Amended Complaint should clearly separate each claim for relief and indicate which facts are relevant for which claim.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, October 22, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE